# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

|  |  |  |
|---|---|---|
| ROBERT CLARK, on behalf of himself and all others similarly situated, | ) ) ) ) | Case No. 0:25-cv-04618-NEB-DJF |
| Plaintiff, | ) ) ) | **STIPULATION FOR PROTECTIVE ORDER** |
| v. | ) ) |  |
| AUTUMN TRANSPORT, INC. and ESSAR LEASING CORP., | ) ) ) |  |
| Defendants. | ) ) |  |

Plaintiff Robert Clark ("Plaintiff") and Defendants Autumn Transport, Inc. and Essar Leasing Corp. ("Defendants") (collectively, the "Parties") stipulate that the Court may enter the following protective order:

1    **Definitions.**  As used in this protective order:

(a)    "attorney" means an attorney who has appeared in this action;

(b)    "confidential document" means a document designated as "CONFIDENTIAL" under this protective order;

(c)    to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not

1

accessible without the use of specialized tools or techniques typically used by a forensic expert;

(d)    "document" means information disclosed or produced in discovery, including but not limited to writings maintained in any media, including but not limited to the following: abstracts, advertisements, agendas, agreements, analyses of any kind, articles, blueprints, brochures, charts, compilations, computer runs and printouts, e-mails, text messages, instant messages, social media posts, letters, reports (including reports or notes of telephone or other conversations), memoranda, manuals, brochures, books, ledgers, drawings, photographs, specifications, drafts, catalogs, invoices, bills of materials, purchase orders, proposals, contracts, and other writings of any nature, including databases and spreadsheets, and audio and video recordings, whether on paper or magnetic tape or other non-paper information storage means, including film and computer memory devices or storage media or any data stored in internet accounts, including Gmail, or other email accounts or "Dropbox" or other Internet-based storage accounts, and any data stored in portable devices, including mobile phones, laptop computers, and portable hard drives or memory sticks, and electronically stored information,

2

items, and things set forth in Federal Rule of Civil Procedure 34(a)(1) and writings, recordings, and photographs as defined in Federal Rule of Evidence 1001, including at a deposition;

(e)    "notice" or "notify" means written notice;

(f)    "party" means a party to this action;

(g)    "protected document" means a document protected by a privilege or the work-product doctrine;

(h) "Highly Sensitive Information – Attorneys' Eyes Only" means any "Confidential Information" that is of such a private, sensitive, competitive, or proprietary nature that present disclosure to persons other than those identified in paragraph 3(c) below would reasonably be expected to either cause undue embarrassment to a Producing Party or materially impair the legitimate competitive position or interests of the Producing Party. This designation will include information within medical records protected by the Health Insurance Portability and Accountability Act ("HIPAA").

**2    Designating a Document or Deposition as Confidential.**

(a)    A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information.

3

(b)   A party or non-party may designate a document as confidential by conspicuously marking each page with the word "CONFIDENTIAL."

(c)   Deposition testimony may be designated as confidential:

(1)   on the record at the deposition; or

(2)   after the deposition, by promptly notifying the parties no later than thirty (30) days after receiving the deposition transcript and those who were present at the deposition.

(d)   If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3   Who May Receive a Confidential Document.**

(a)   A confidential document may be used only in this action.

(b)   No person receiving a confidential document may reveal it, except to:

(1)   the court and its staff;

(2)   an attorney or an attorney's partner, associate, or staff;

(3)   a person shown on the face of the confidential document to have authored or received it;

(4)   a court reporter or videographer retained in connection with this action;

4

(5)    a party (subject to paragraph 3(c)); and

(6)    any person who:

    (A)    is retained to assist a party or attorney with this action; and

    (B)    signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned [case caption and number] in the United States District Court for the District of Minnesota. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.
>
> I declare under penalty of perjury that the foregoing is true and correct.

(c)    A party or non-party may supplement the "confidential" mark (see paragraph 2(b)) with the words "attorney's eyes only," in which case disclosure of a confidential document so designated shall be limited to: (i) outside and in-house counsel for the Parties (including their employees, agents, and clerical assistants); (ii) upon the filing of a motion to seal, the Court, court personnel, and court reporters; (iii) any mediators or other mutually agreed upon or court-appointed

5

person responsible for resolving this Action in a private forum; (iv) experts and consultants (including their employees and clerical assistants) who are employed, retained, or otherwise consulted by counsel or record for the parties to this litigation for the purpose of analyzing data, conducting studies, or providing opinions for assistance in this litigation; (v) any other person only upon order of the Court or upon stipulation of the Parties; and/or (vi) vendors retained by or for a party to assist in preparing for trial or pretrial proceedings.

(d)   If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

4   **Serving This Protective Order on a Non-Party.**  A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

5   **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

**6      Use of a Confidential Document in Court.**

(a)    Filing.  This protective order does not authorize the filing of any document under seal.  A confidential document may be filed only in accordance with LR 5.6.

(b)    Presentation at a hearing or trial.  A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

**7      Changing a Confidential Document's Designation.**

(a)    Document disclosed or produced by a party.  A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

(b)    Document produced by a non-party.  A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

(c)    Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is

7

entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

**8      Handling a Confidential Document after Termination of Litigation.**

(a)     Within 60 days after the termination of this action (including any appeals), each party must:

(1)     return or destroy all confidential documents; and

(2)     notify the disclosing or producing party or non-party that it has returned or destroyed all confidential documents within the 60-day period.

(b)     Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court.

**9      Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a)     Notice.

(1)     A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection.  If the party or non-party provides such notice and description, the privilege or protection is not waived.

8

(2)     A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

(b)     Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

10     **Security Precautions and Data Breaches.**

(a)     Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

(b)     A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party or non-party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

11     **Survival of Obligations.**  The obligations imposed by this protective order survive the termination of this action.

9

Stipulated to:

Dated: April 17, 2026

APOLLO LAW LLC                              BLANK ROME LLP


By: */s/ Adam W. Hansen*                   By:    */s/ Allison N. Powers*
Adam W. Hansen (#0391704)                  Rikke Dierssen-Morice (MN # 0237826)
333 Washington Ave. N, #300                444 West Lake Street, Suite 1650
Minneapolis, MN 55401                      Chicago, Illinois 60606
(612) 927-2969                             Telephone: (312) 776-2541
adam@apollo-law.com                        Facsimile: (312) 776-2601
                                           rikke.morice@blankrome.com

Harold L. Lichten,
Admitted *pro hac vice*                    Allison N. Powers, admitted *pro hac vice*
Oleana Savytska,                           Raymond Arroyo, admitted *pro hac vice*
Admitted *pro hac vice*                    444 W Lake St., Suite 1650
Jack Bartholet                             Chicago, IL 60606
Admitted *pro hac vice*                    312-776-2546
LICHTEN & LISS-RIORDAN, P.C.               Allison.Powers@blankrome.com
729 Boylston St., Suite 2000               Raymond.Arroyo@blankrome.com
Boston, MA 02116
(617) 994-5800                             Mark Blondman, admitted *pro hac vice*
hlichten@llrlaw.com                        One Logan Square
osavytska@llrlaw.com                       Philadelphia, PA 19013
jbartholet@llrlaw.com                      215.569-5593
                                           mark.blondman@blankrome.com

Attorneys for Plaintiffs
                                           Attorneys For Defendants
                                           Autumn Transport, Inc. and
                                           Essar Leasing Corp.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 17, 2026, the foregoing Stipulation

For Protective Order was served upon all counsel of record via the ECF filing system.


By:   */s/ Allison N. Powers*
Allison N. Powers, admitted *pro hac vice*